John Di Giacomo (Pro Hac Vice Forthcoming)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com

Nicholas Ranallo, Attorney at Law (51439)
Designated Local Counsel
5058 57th Ave. S.
Seattle, WA 98118-2120
Telephone: (831) 607-9229
Facsimile: (831) 533-5073
Email: nick@ranallolawoffice.com

Attorneys for Plaintiff Mighty Dreams, LLC

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MIGHTY DREAMS, LLC, | Case No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| SHENZHEN BEIANEN AUTOMOTIVE SUPPLIES CO., LTD, | |
| and | |
| SHENZHEN CHANGFUWEI FURNITURE CO., LTD, | |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Mighty Dreams, LLC, by and through its attorneys Revision Legal, PLLC and Nicholas Ranallo, Attorney at Law states the following for its Complaint and Demand for Jury Trial:

**INTRODUCTION**

1. This action concerns Defendants' false and deceptive advertising on the Amazon.com marketplace, which is intended to manipulate consumer demand and Amazon.com's ranking algorithms to unfairly compete with Plaintiff.

2. Specifically, Defendants have undertaken a concerted scheme to falsely list items as "on sale" that are actually sold at their normal retail prices.

3. Defendants further register and use multiple Amazon.com seller accounts in a coordinated manner to "win" the so-called buy box for product listings.

4. By unfairly and fraudulently manipulating Amazon.com's ranking algorithms into believing that Defendants are high performing sellers on the Amazon.com platform that provide the most competitive price for the products sold, Defendants have deceived the public and have unfairly competed with Plaintiff.

5. Plaintiff now brings this action, alleging claims of false advertising and unfair competition under federal and state law.

**PARTIES, JURISDICTION, AND VENUE**

6. Plaintiff Mighty Dreams, LLC ("Mighty Dreams") is a limited liability company organized under the laws of the State of California with its principal place of business at 3141 Stevens Creek Blvd. #40501, San Jose, California.

7. Defendant Shenzhen Beianen Automotive Supplies Co., Ltd. ("FEIAN") (Amazon Seller ID A1QDEGJ5V9A7U5) is a limited company organized under the laws of the People's Republic of China with its principal place of business at No. 106, Area A, Liuxiandong, Quanzhicheng Community, Xinwei Community, Xili Street, Shenzhen Nanshan District, Guangdong Province, China.

8. Defendant Shenzhen Changfuwei Furniture Co., Ltd. ("Keepooon") (Amazon Seller ID A3LNPZ6ZI5IHKH) is a limited company organized under the laws of the People's Republic of China with its principal place of business at Room 102, Building 1, Shuimu Yifang Building, No. 286 Nanguang Road, Dawangshan Community, Nantou Street, Shenzhen Nanshan District, Guangdon Province, China.

9. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over the claims in Plaintiff's Complaint that arise under the laws of the State of Washington pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11. This Court has personal jurisdiction over Defendants because a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within this district and because each of the Defendants has sufficient minimum contacts with the State of Washington pursuant to RCW 4.28.185 because each of the Defendants purposefully availed themselves of the privileges of conducting business in the State of Washington. Defendants have entered into the Amazon Services Business Solutions Agreement in the State of Washington, the Defendants regularly conduct and solicit business within the State of Washington, Plaintiff's causes of action directly arise from, inter alia, Defendants' business contacts and other activities taken in the State of Washington, Defendants committed intentional acts within the State of Washington expressly aimed at residents of the State, which caused harm that Defendants know are likely to be suffered in the State, and Defendants possess personal property in the State, namely, inventory for sale on the

Amazon.com marketplace.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## FACTUAL BACKGROUND

13. Plaintiff Mighty Dreams is an online retailer of cutlery sharpening tools, including knife sharpening stones, kitchen knife sharpeners, and specialty tool sharpeners, such as chainsaw sharpeners.

14. Plaintiff Mighty Dreams advertises and sells its products primarily through its website, located at https://www.mightydreams.com, and through the Amazon.com Marketplace.

15. Mighty Dreams' sale of sharpening stones is at issue in this case.

16. Specifically, Mighty Dreams sells knife sharpening stones under its Sharp Pebble brand.



17. Defendant FEIAN sells virtually identical sharpening stones under its Intelitopia brand.



18. And Defendant Keepooon sells identical sharpening stones under the Intelitopia brand.



**The Amazon.com Buy Box**

19. All three parties sell on the Amazon.com platform and compete for the valuable Amazon "Buy Box" associated with their knife sharpening stones.

20. The "Buy Box" is the highly coveted white box to the right of a product listing on Amazon.com.

21. Ninety percent (90%) of sales on Amazon.com are made through the Buy Box, and a brand's placement within the Buy Box typically means the difference between making a

sale or not[1].

22. When multiple sellers sell the same or similar products, Amazon utilizes an algorithm to determine which seller's product appears in the Buy Box.

23. Though Amazon's Buy Box algorithm is proprietary, it is generally believed that it assesses a number of factors, such as seller status, order defect rates and rates of returns, inventory status, product price, in-stock consistency, shipping times, and customer feedback.

24. Additionally, Amazon's Buy Box algorithm often rotates between sellers, including when sellers lower their prices in an attempt to obtain the Buy Box.

### Amazon.com Lightning Deals

25. Amazon.com also offers sellers another tool to entice consumers to buy their products: Lightning Deals.

26. Lightning Deals are limited-time discounts on products that are offered for a fixed period of time or while supplies last[2].

27. Importantly, Lightning Deals cannot be offered at normal retail price—they are intended to be deep discounts from the normal retail price.

28. Lightning Deals have two distinct time restrictions: (1) an item must be added to a customer's cart before the first time period expires; and (2) orders must be placed before the expiration of a second time period to complete the purchase of the product.

### Defendants' Unlawful Acts

29. Defendant FEIAN and Defendant Keepooon are one in the same.

30. Both Defendants are sellers on the Amazon.com platform that sell identical products

---

[1] See https://www.datafeedwatch.com/blog/amazon-buy-box (accessed May 1, 2024).
[2] See https://www.aboutamazon.com/news/retail/how-to-find-amazon-lightning-deals (accessed May 1, 2024).

under the same brand name.

31. Defendants have registered multiple Amazon.com seller accounts to deceive consumers into believing that their products originate from separate, independent sellers, and to manipulate the Amazon.com Buy Box.

32. Specifically, by registering multiple seller accounts, Defendants have unlawfully manipulated Amazon's Buy Box algorithm to increase the likelihood that they will obtain the Buy Box and, therefore, obtain the vast majority of sales of the listed products.

33. These actions are expressly prohibited by Amazon's Business Solutions Agreement, which prohibits opening multiple seller accounts to sell the same products and to manipulate its product rankings, such as through the Buy Box.

34. Additionally, Defendants have made untrue and misleading statements concerning the existence of or the amount of price reductions of their products.

35. Specifically, Defendants have advertised their products as being deeply discounted by 27% for a limited period of time through Amazon.com Lightning Deals.



36. This advertisement, however, was false.

37. Instead, Defendants so-called deeply discounted Lightning Deals are often priced at their normal retail price.



38. By misrepresenting their normal retail prices as a limited-time Lightning Deals, Defendants intended to create a false and deceptive sense of urgency that prices would later increase.

39. This false and deceptive sense of urgency was intended to convince consumers to purchase Defendants' products immediately instead of at a later time or instead of searching for other sellers of the same or similar products, such as those offered by Plaintiff.

40. These actions constitute false advertising under the Lanham Act and California state law.

## FIRST CLAIM FOR RELIEF

### (False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a))

41. Plaintiff restates all paragraphs as if fully restated herein.

42. Defendants have made false statements of fact about their products in commercial advertising.

43. Specifically, Defendants have advertised their products as on sale when, in fact, they were

offered at their normal, retail price.

44. Defendants have also advertised their products for sale from multiple seller accounts when, in fact, they are owned by the same seller.

45. Defendants' advertisements and statements were literally false or, in the alternative, literally true but likely to confuse customers.

46. These advertisements have actually deceived, and have the tendency to deceive, a substantial segment of their audience, namely, purchasers of cutlery sharpening stones.

47. This deception is material because it has influenced the purchasing decisions of consumers and its likely in the future to influence the purchasing decisions of consumers.

48. Defendants caused their false statements to enter into interstate commerce through the Amazon.com Marketplace.

49. Plaintiff has been injured as a result of Defendants' false statements, specifically, through the direct diversion of sales to Defendants.

50. Consequently, Defendants may be held liable for false advertising under the Lanham Act.

## SECOND CLAIM FOR RELIEF

**(False Advertising Under Washington CPA, RCW 19.86.090)**

51. Plaintiff restates all paragraphs as if fully restated herein.

52. Washington's unfair competition law, RCW 19.86.090, prohibits any false, deceptive, or misleading advertising.

53. Defendants have undertaken unfair or deceptive trade practices by making false statements of fact about their products in commercial advertising.

54. Specifically, Defendants have advertised their products as on sale when, in fact, they were offered at their normal, retail prices.

55. Defendants have also advertised their products for sale from multiple seller accounts when, in fact, they are owned by the same seller.

56. These advertisements have actually deceived, and have the tendency to deceive, a substantial segment of their audience, namely, purchasers of cutlery sharpening stones.

57. This deception is material because it has influenced the purchasing decisions of consumers and is likely in the future to influence the purchasing decisions of consumers.

58. Defendants' actions were taken in trade or commerce.

59. Defendants' actions affect the public interest because they have deceived consumers into believing that Defendants' products were offered for sale at lower-than-normal retail prices.

60. Defendants' actions also affect the public interest because they have manipulated the Amazon.com algorithm to deceive consumers.

61. Plaintiff has been injured as a result of Defendants' false statements, specifically, through the direct diversion of sales to Defendants.

62. Defendants unfair and deceptive acts are the proximate and legal cause of Plaintiff's injuries.

63. Consequently, Defendants may be held liable for unfair competition.

### THIRD CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

64. Plaintiff restates all paragraphs as if fully restated herein.

65. Defendants have undertaken unfair or deceptive trade practices by making false statements of fact about their products in commercial advertising.

66. Specifically, Defendants have advertised their products as on sale when, in fact, they

were offered at their normal, retail prices.

67. Defendants have also advertised their products for sale from multiple seller accounts when, in fact, they are owned by the same seller.

68. These advertisements have actually deceived, and have the tendency to deceive, a substantial segment of their audience, namely, purchasers of cutlery sharpening stones.

69. This deception is material because it has influenced the purchasing decisions of consumers and is likely in the future to influence the purchasing decisions of consumers.

70. Defendants' actions were taken in trade or commerce.

71. Defendants' actions affect the public interest because they have deceived consumers into believing that Defendants' products were offered for sale at lower-than-normal retail prices.

72. Defendants' actions also affect the public interest because they have manipulated the Amazon.com algorithm to deceive consumers.

73. Plaintiff has been injured as a result of Defendants' false statements, specifically, through the direct diversion of sales to Defendants.

74. Defendants unfair and deceptive acts are the proximate and legal cause of Plaintiff's injuries.

75. Consequently, Defendants may be held liable for unfair competition under Washington common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this honorable Court grant the following relief:

A. That Defendants, and all persons acting in concert with them, be preliminary and permanently enjoined and restrained from falsely advertising to the public and that all

such false advertisements and listings be removed from the Amazon.com Marketplace, including, but not limited to, Amazon ASIN B08CXQ2SLS;

B. That Plaintiff receive and recover from Defendants all damages sustained, including, but not limited to, actual damages, compensatory damages, consequential damages, incidental damages, defendants' profits, and punitive damages;

C. That Defendants be ordered to pay Plaintiff's reasonable costs, expenses, and attorneys' fees incurred in prosecuting this action;

D. That Plaintiff be awarded pre- and post-judgment interest to the maximum extent allowed by law; and

E. That Plaintiff be awarded such other and further relief to which it may be justly entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: June 5, 2024                REVISION LEGAL, PLLC

By: /s/ John Di Giacomo
John Di Giacomo (Pro Hac Vice Forthcoming)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com

/s/ Nicholas Ranallo
Nicholas Ranallo (51439)
Designated Local Counsel
5058 57th Ave. S.
Seattle, WA 98118-2120
Telephone: (831) 607-9229
Facsimile: (831) 533-5073
Email: nick@ranallolawoffice.com