John Di Giacomo (Pro Hac Vice Forthcoming)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com

Nicholas Ranallo (51439)
Designated Local Counsel
5058 57th Ave. S.
Seattle, WA 98118-2120
Telephone: (831) 607-9229
Facsimile: (831) 533-5073
Email: nick@ranallolawoffice.com

Attorneys for Plaintiff Mighty Dreams, LLC

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGHTY DREAMS, LLC, | Case No. 2:24-cv-00793 |
| Plaintiff, | **PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3)** |
| v. | |
| SHENZHEN BEIANEN AUTOMOTIVE SUPPLIES CO., LTD, | Note to Calendar: July 8, 2024 Without Oral Argument |
| and | |
| SHENZHEN CHANGFUWEI FURNITURE CO., LTD, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Plaintiff Mighty Dreams, LLC, by and through its attorneys Revision Legal, PLLC and Nicholas Ranallo, Attorney at Law states the following for its Motion for Alternative Service Pursuant to Fed. R. Civ. P. 4(f)(3):

## INTRODUCTION

This case concerns Defendant FEIN and Defendant Keepooon's[1] false and deceptive advertising on the Amazon.com marketplace, which is intended to manipulate consumer demand and Amazon's ranking algorithms to unfairly compete with Plaintiff. Defendants are China-based Amazon.com sellers who have registered multiple seller accounts in a coordinated manner to manipulate sales prices on the Amazon.com platform, to deceive consumers, and to utilize their multiple seller accounts in a coordinated manner to "win" the Amazon.com Buy Box for product listings. Defendants have utilized consonant-laden entity names with no English meaning to hide their true identities on the Amazon.com platform. However, through a series of test buys, Plaintiff has identified a common email address used by all Defendants. Because no international treaty governing service applies, Plaintiff now requests that this Court grant it leave to serve the summons and complaint through international registered mail to Defendants and through email to the email address identified by Plaintiff as common to both Defendants.

## STATEMENT OF FACTS

Plaintiff Mighty Dreams is an online retailer of cutlery sharpening tools, including knife sharpening stones, kitchen knife sharpeners, and specialty tool sharpeners, such as chainsaw sharpeners. Plaintiff Mighty Dreams advertises and sells its products primarily through its website, located at https://www.mightydreams.com, and through the Amazon.com Marketplace. Mighty Dreams' sale of sharpening stones is at issue in this case. Specifically, Mighty Dreams sells knife sharpening stones under its Sharp Pebble brand.

---

[1] FEIAN and Keepooon are the public facing entity names used by the Defendants on Amazon.com. The entities named in the lawsuit and featured in the caption, SHENZHEN BEIANEN AUTOMOTIVE SUPPLIES CO., LTD (shenzhenbeianenqicheyongpinyouxiangongsi) and SHENZHEN CHANGFUWEI FURNITURE CO., LTD (shenzhenshichangfuweijiajuyouxiangongsi) are the full, legal names of the Defendants derived from the "Detailed Seller Information" field on the Defendants' Amazon.com seller information pages, translated into English.

Defendant FEIAN sells virtually identical sharpening stones under its Intelitopia brand.



And Defendant Keepooon sells identical sharpening stones under the Intelitopia brand.

3

[Screenshot of an Amazon.com product listing for "Intelitopia Complete Knife Sharpening Stone Set – Dual Grit Whetstone 400/1000 3000/8000 Knife Sharpener with Leather Strop, Flattening Stone, Bamboo Base, 3 Non-slip Rubber Bases & Angle Guide," priced at $42.99, #1 Best Seller in Sharpening Stones.]

### The Amazon.com Buy Box

All three parties sell on the Amazon.com platform and compete for Amazon's promotional "Buy Box." The "Buy Box" is the highly coveted white box to the right of a product listing on Amazon.com. Ninety percent (90%) of sales on Amazon.com are made through the Buy Box, and a brand's placement within the Buy Box typically means the difference between making a sale or not[2]. Amazon utilizes an algorithm to determine whether a seller's product appears in the Buy Box. Though Amazon's Buy Box algorithm is proprietary, it is generally believed that it assesses a number of factors, such as seller status, order defect rates and rates of returns, inventory status, product price, in-stock consistency, shipping times, and customer feedback. Additionally, Amazon's Buy Box algorithm often rotates between sellers, including when sellers lower their prices in an attempt to obtain the Buy Box.

### Amazon.com Lightning Deals

Amazon.com also offers sellers another tool to entice consumers to buy their products: Lightning Deals. Lightning Deals are limited-time discounts on products that are offered for a

---

[2] See https://www.datafeedwatch.com/blog/amazon-buy-box (accessed May 1, 2024).

fixed period of time or while supplies last[3]. Importantly, Lightning Deals cannot be offered at normal retail price—they are intended to be deep discounts from the normal retail price. Lightning Deals have two time restrictions: (1) an item must be added to a customer's cart before the first time period expires; and (2) orders must be placed before the expiration of a second time period to complete the purchase of the product.

### Defendants' Unlawful Acts

Defendant FEIAN and Defendant Keepooon are one and the same. Both Defendants are China-based sellers on the Amazon.com platform that sell identical products under the same brand name. Defendants have registered multiple Amazon.com seller accounts to deceive consumers into believing that their products originate from separate, independent sellers, and to manipulate the Amazon.com Buy Box. Specifically, by registering multiple seller accounts, Defendants have unlawfully manipulated Amazon's Buy Box algorithm to increase the likelihood that they will obtain the Buy Box and, therefore, obtain the vast majority of sales of the listed products. These actions are expressly prohibited by Amazon's Business Solutions Agreement, which prohibits opening multiple seller accounts to sell the same products and to manipulate its product rankings, such as through the Buy Box. Additionally, Defendants have made untrue and misleading statements concerning the existence of, or the amount of, price reductions of their products. Specifically, Defendants have advertised their products as being deeply discounted by 27% for a limited period of time through Amazon.com Lightning Deals.

---

[3] See https://www.aboutamazon.com/news/retail/how-to-find-amazon-lightning-deals (accessed May 1, 2024).



This advertisement, however, was false. Instead, Defendants so-called deeply discounted Lightning Deals are often priced at their normal retail price.

By misrepresenting their normal retail prices as a limited-time Lightning Deals, Defendants intended to create a false and deceptive sense of urgency that prices would later increase. This

false and deceptive sense of urgency was intended to convince consumers to purchase Defendants' products immediately instead of at a later time.

### Plaintiff's Test Buys

Knowing that both Defendants are located in China, and in advance of filing this lawsuit, Plaintiff made a series of test buys from the Amazon.com platform to determine whether Defendant FEIAN and Defendant Keepooon are identical. On March 21, 2024, Plaintiff made a test buy from Defendant Keepoon. **Exhibit A**, Declaration of Baig. Upon receiving this order on March 21, 2024, Plaintiff examined the box shipped by Defendant Keepooon. Inside of this box, Plaintiff discovered a pamphlet that disclosed a customer support email, support@inteli-topia.com, that allows consumers to contact Defendant Keepooon via email for technical support for its products. **Exhibit A**, Declaration of Baig.

On May 15, 2024, Plaintiff made a second test buy from Defendant FEIAN. **Exhibit A**, Declaration of Baig. This package was delivered on May 16, 2024. **Exhibit A**, Declaration of Baig. Inside of the box, Plaintiff found the same pamphlet that was found in the box provided by Defendant Keepooon, and this pamphlet again disclosed the support@inteli-topia.com customer support email. **Exhibit A**, Declaration of Baig. Based on this, Plaintiff concluded that Defendant FEIAN and Defendant Keepooon are identical sellers operating under different Amazon.com seller accounts.

### STANDARD OF REVIEW

Fed. R. Civ. P 4(f) governs service of process on an individual in a foreign country:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice…
>
> (3) by other means not prohibited by international agreement, as the court orders.

Plaintiff requests leave to serve the summons and complaint via email pursuant to Fed. R. Civ. P 4(f)(3). The Ninth Circuit, in *Rio Properties, Inc. v Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002), made clear that no limitations are present in the rule other than that provided by the plain text. Rule 4(f)(3) is "neither a last resort nor extraordinary relief…it is merely one means among several which enable service of process on an international defendant." *Cascade Yarns, Inc. v Knitting Fever, Inc.*, 2011 WL 1042578 (March 18, 2011) (W.D. WA 2011) (denying alternative service because defendant was not subject to personal jurisdiction).[4] "The decision of whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court. *Cascade Yarns*, supra citing *Brockmeyer v May*, 383 F.3d 798, 805 (9th Cir. 2004). And district courts have authorized a "wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties*, 248 F.3d at 1016. In fact, *Rio Properties* held, "without hesitation," that email service on the defendant "was constitutionally acceptable." *Id*. at 1017. The Court reached this conclusion, in part, because the defendant encouraged parties to contact it via email. *Id*.

---

[4] In contrast, the Defendants in this case are subject to personal jurisdiction in this District as a result of their regular and continuous shipment of products into this District.

To obtain the Court's permission to utilize Rule 4(f)(3), the Plaintiff must show that "facts and circumstances of the present case necessitate…district court's intervention." *Rio Properties* at 1016 (citation omitted). Importantly, Rule 4(f)(3) does ***not*** require attempted service by other methods before court-ordered service under this rule. *Id*. at 1015-16 ("Instead, we hold that Rule 4(f)(3) is an equal means of effecting service of process…and we commit to the sounds discretion of the district court the task of determining when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)").

**ARGUMENT**

Plaintiff requests leave to serve the Defendants via email because the facts and circumstances of Defendants' actions necessitate District Court intervention, the Defendants are located in China, Plaintiff is not required to comply with the Hague Convention because Defendants physical addresses are unknown and of questionable authenticity, even if the Hague Convention applies, service by email is permissible, and service by email comports with due process.

**I.    The Facts and Circumstances of Defendants' Actions Necessitate District Court Intervention.**

To obtain the Court's permissions to utilize Rule 4(f)(3), the Plaintiff must show that "facts and circumstances of the present case necessitate…[the] district court's intervention." *Rio Properties* at 1016 (citation omitted). Prior to the initiation of this case, Plaintiff attempted to confirm that the addresses listed on Defendants' Amazon.com seller accounts[5] are real and valid addresses by performing a search for these addresses through the commonly used Google Maps

---

[5] No. 106, Area A, Liuxiandong, Quanzhicheng Community, Xinwei Community, Xili Street, Shenzhen Nanshan District, Guangdong Province, China and Room 102, Building 1, Shuimu Yifang Building, No. 286 Nanguang Road, Dawangshan Community, Nantou Street, Shenzhen Nanshan District, Guangdon Province, China

search engine. **Exhibit A**, Declaration of Baig. Neither address appears to be valid, and a general Google search has been unable to confirm that either address exists. **Exhibit A**, Declaration of Baig. *See TV Ears, Inc. v. Joyshiya Development Limited*, 2021 WL 165013, at *3 (S.D. Cal. 2021) (describing similar attempts as demonstrating that the plaintiff "has been reasonably diligent in seeking to locate Defendants"). Plaintiff believes that Defendants are taking clear and deliberate steps hide their physical addresses.

Next, Plaintiff attempted to communicate with Defendants by sending email to the support@inteli-topia.com email address that is listed as a customer support email address on the pamphlets included in the products that were purchased from Defendant Keepooon and Defendant FEIAN from Amazon.com. **Exhibit A**, Declaration of Baig. Upon sending an email to this email address, Plaintiff received notification that delivery to this email address failed. **Exhibit A**, Declaration of Baig.

After Plaintiff's attempts to deliver email to the support@inteli-topia.com email address failed, Plaintiff identified a United States trademark registration for Defendants' brand, INTELI-TOPIA (USPTO Reg. No. 5,744,632), for use in association with kitchen utensils and products. **Exhibit D**, USPTO Registration. The listed owner for this registered trademark is Jiang Lei, a Chinese national with a listed address of 4D, Block C, Bldg. 18, Jindi Meilongzhen Garden, Longhua, New Dist., Shenzhen, China 518000 and a contact email address of jiteteam@outlook.com. **Exhibit D**, USPTO Registration. However, as with the physical addresses associated with the Amazon.com stores of Defendants FEIAN and Keepooon, Plaintiff has been unable to confirm that Jiang Lei's physical address is real or correct. **Exhibit A**, Declaration of Baig. Moreover, the jiteteam@outlook.com email address, which is the primary email used for

Defendants' INTELI-TOPIA trademark registration, is associated with numerous trademarks registered with the USPTO under a variety of names and addresses, including the following:

| **Trademark** | **Serial No.** | **Owner** | **Address** | **Email Address** |
|---|---|---|---|---|
| INTELI-TOPIA | 88106115 | Jiang Lei | 4D, Block C, Bldg.18, Jindi Meilongzhen Garden, Longhua New Dist. Shenzhen CHINA 518000 | jiteteam@outlook.com |
| INTELI-TOPIA | 88106154 | Jiang Lei | 4D, Block C, Bldg.18, Jindi Meilongzhen Garden, Longhua New Dist. Shenzhen CHINA 518000 | jiteteam@outlook.com |
| INTELI-TOPIA | 88106146 | Jiang Lei | 4D, Block C, Bldg.18, Jindi Meilongzhen Garden, Longhua New Dist. Shenzhen CHINA 518000 | jiteteam@outlook.com |
| INTELI-TOPIA | 88106149 | Jiang Lei | 4D, Block C, Bldg.18, Jindi Meilongzhen Garden, Longhua New Dist. Shenzhen CHINA 518000 | jiteteam@outlook.com |
| INTELI-TOPIA | 88106162 | Jiang Lei | 4D, Block C, Bldg.18, Jindi Meilongzhen | jiteteam@outlook.com |

| | | | | |
|---|---|---|---|---|
| | | | Garden, Longhua New Dist. Shenzhen CHINA 518000 | |
| INTELI-TOPIA | 88106166 | Jiang Lei | 4D, Block C, Bldg.18, Jindi Meilongzhen Garden, Longhua New Dist. Shenzhen CHINA 518000 | jiteteam@outlook.com |
| INTELI-TOPIA | 88106123 | Jiang Lei | 4D, Block C, Bldg.18, Jindi Meilongzhen Garden, Longhua New Dist. Shenzhen CHINA 518000 | jiteteam@outlook.com |
| PANDARIA | 87623773 | Zhuji Weifu E-commerce Co., Ltd. | Room 1305,Building No.1,Chunjiang Road No.23,Jiyang Street Zhuji CHINA 311800 | jiteteam@outlook.com |
| GALAVAVA | 87712766 | Shenzhenshi Gebei Electronics Co.,Ltd. | Room 401, Building 122, Buwei Village Lianhua Street, Futian District Shenzhen CHINA 518000 | jiteteam@outlook.com |
| LOUIS HILTON | 88087439 | Guangzhou Yucaitang Cosmetics Co., Ltd. | No.168 Mumianshunan Road, Changhong | jiteteam@outlook.com |

| | | | Village, Junhe Street, Baiyun District Guangzhou CHINA 510080 | |
|---|---|---|---|---|

**Exhibit E**, Trademark Filings. Notably, the GALAVANA mark identified above was cancelled by the USPTO because the applicant submitted a fraudulent specimen showing use in commerce. **Exhibit E**, Cancellation of Mark. Specifically, the applicant simply took a stock photo from Getty Images, Photoshopped the GALAVANA mark on it, and submitted it as proof of its use in commerce of that mark to the US Patent and Trademark Office. **Exhibit F**, Petition for Expungement. These actions indicate that the GALAVANA trademark applicant, which, along with many others, shares an email address with the Defendants in this case, is engaged in wide-scale scheme to obtain fraudulent trademarks for products sold on Amazon.com under a variety of different names and addresses to hide its identity from consumers and the US court system.

Based on the lack of authentic, identifiable physical addresses associated with the Defendants, the inability to contact Defendants at their self-identified customer support email address, and the numerous trademarks associated with the primary email address associated with the Defendants' trademark registration, Plaintiff avers that Defendants are engaged in wide-scale consumer fraud and deception, necessitating intervention of the District Court.

**II.    Plaintiff is Not Required to Comply with the Hague Convention Because Defendants' Physical Addresses are Unknown and of Questionable Authenticity.**

The People's Republic of China is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents on Civil or Commercial Matters, commonly referred to as The Hague Convention. **Exhibit B**, Hague Signatories. However, the Hague Convention only

applies "where there is occasion to transmit a judicial or extrajudicial document for service abroad." Specifically, the Hague Convention does not apply where the address of the person to be served with the document is not known." **Exhibit C**, Hague Convention, Article 1.

As noted above, prior to the initiation of this case, Plaintiff attempted to confirm that the addresses listed on Defendants' Amazon.com seller accounts are real and valid addresses by performing a search for these addresses through the commonly used Google Maps search engine. **Exhibit A**, Declaration of Baig. Neither address appears to be valid, and a general Google search has been unable to confirm that either address exists. **Exhibit A**, Declaration of Baig. *See TV Ears, Inc. v. Joyshiya Development Limited*, 2021 WL 165013, at *3 (S.D. Cal. 2021) (describing similar attempts as demonstrating that the plaintiff "has been reasonably diligent in seeking to locate Defendants"). Plaintiff believes that Defendants are taking clear and deliberate steps hide their physical addresses. Plaintiff has no valid address by which it can serve Defendants and, therefore, are not required to comply with The Hague Convention's rules and regulations. **Exhibit C**, Hague Convention, Article 1.

**III.    Even if the Hague Convention Applies, Service by Email is a Permissible Method of Service Under Rule 4(f)(3).**

Even if the Hague Convention applies, service by email is permissible under Rule 4(f)(3). Article 10 of the Hague Convention "preserves the ability of parties to effect service through means other than a recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used." *Rubies Costume Co. v. Yiwu Hua Hao Toys Co., Ltd.*, No. C18-1530RAJ, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019). China has expressly rejected service through the means stated in Article 10, including service through postal channels and through its judicial officers. *Id*; see also Declaration/Reservation/Notification,

https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited May 16, 2024) (stating the People's Republic of China "oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention"). Article 10 does not mention service by email or electronic communications, and numerous courts within the Ninth Circuit have concluded the China's objection to Article 10 does not prohibit alternative service of process by electronic communications to defendants located in China. *See Rubies* at *3 (citing various cases authorizing service on defendants located in China via email or through online accounts). Consequently, service via email on Chinese residents is not prohibited by the Hague Convention.

### IV.    Service by Email Comports with Due Process

To comport with due process, service by email must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 70 S. Ct. 652, 657 (1950). In this district, service by email is appropriate and comports with due process "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 2017002, at *4-5 (W.D. Wash. 2023); *see also Padded Spaces, LLC v. Weiss*, No. C21-0751JLR, 2022 WL 1423701, at *2 (W.D. Wash. May 5, 2022) (granting alternative service by email where the plaintiff's attorney sent message about the lawsuit and a copy of the complaint to the email addresses associated with the defendant's Amazon.com seller account and storefront). Here, it is clear that the jiteteam@outlook.com email address is valid and is successfully receiving messages. It is the primary email address associated with seven INTELI-TOPIA trademark registrations filed with the United States Patent and Trademark Office, along with numerous other trademark registrations.

**Exhibit A**, Declaration of Baig. It has received correspondence from the USPTO concerning its trademark registration. When an Amazon.com seller registers their trademark with Amazon through Amazon's Brand Registry Program, they are provided with a branded page that features the products sold under the seller's brand. **Exhibit G**, Brand Registry Eligibility. Defendants have registered the INTELI-TOPIA trademark with Amazon and have obtained their own branded page. **Exhibit A**, Declaration of Baig. To confirm a trademark registration and to participate in Brand Registry, Amazon.com contacts the email address listed in the Brand Registry-applicant's trademark registration. **Exhibit A**, Declaration of Baig. Since Defendants have obtained Brand Registry, their jiteteam@outlook.com is clearly receiving email. **Exhibit A**, Declaration of Baig.

Since service by email is reasonably calculated to apprise the Defendants of the pendency of this action and afford them an opportunity to present their objections, Plaintiff respectfully requests that the Court authorized service of process by email.

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court enter an order requiring Plaintiff to serve the summons and complaint on Defendants to the jiteteam@outlook.com email address, which is the email address associated with Defendants' trademark registrations. The facts and circumstances of Defendants' actions necessitate District Court intervention, the Defendants are located in China, Plaintiff is not required to comply with the Hague Convention because Defendants physical addresses are unknown and of questionable authenticity, even if the Hague Convention applies, service by email is permissible, service by email comports with due process.

Dated: June 14, 2024                                  REVISION LEGAL, PLLC

                                                    By: /s/ John Di Giacomo
                                                    John Di Giacomo (Pro Hac Vice Requested)

Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com

/s/ Nicholas Ranallo
Nicholas Ranallo (51439)
Designated Local Counsel
5058 57th Ave. S.
Seattle, WA 98118-2120
Telephone: (831) 607-9229
Facsimile: (831) 533-5073
Email: nick@ranallolawoffice.com