1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGHTY DREAMS LLC,<br><br>                         Plaintiff,<br>      v.<br><br>SHENZHEN BEIANEN AUTOMOTIVE<br>SUPPLIES CO LTD et al.,<br><br>                  Defendants. | CASE NO. C24-00793-KKE<br><br>ORDER ON MOTION FOR ALTERNATE<br>SERVICE VIA EMAIL |

This matter comes before the Court on Mighty Dreams LLC's ("Mighty Dreams") motion for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 5. Because Mighty Dreams does not show service to the email address it identifies comports with due process, the motion is denied without prejudice.

## I.   BACKGROUND

Mighty Dreams is "an online retailer of cutlery sharpening tools" (Dkt. No. 1 ¶ 13). Mighty Dreams advertises and sells its products primarily through its website and the Amazon.com marketplace. Dkt. No. 1 ¶ 14. Defendants Shenzhen Beianen Automotive Supplies Co., Ltd. ("FEIAN") and Shenzhen Changfuwei Furniture Co, Ltd. ("Keepoon") are China-based sellers on the Amazon marketplace. Defendants sell sharpening stones with "Intelitopia" in the item title that are virtually identical to each other, and similar to the stones sold by Mighty Dreams. *Id.* ¶¶ 17, 18. Mighty Dreams alleges FEIAN and Keepoon are under joint control, and that

1    Defendants have used the multiple accounts to unlawfully manipulate the Amazon.com

2    marketplace.  *Id.* ¶¶ 19–40.  By conducting test buys, Mighty Dreams discovered products from

3    both selling accounts contained identical pamphlets that disclose the same customer support email:

4    support@inteli-topia.com.  Dkt. No. 5 at 7.

5          Mighty Dreams filed suit against Defendants on June 5, 2024, bringing claims for false

6    advertising under the Lanham Act (Dkt. No. 1 ¶¶ 41–50), false advertising under the Washington

7    Consumer Protection Act (*id.* ¶¶ 51–63), and common law unfair competition (*id.* ¶¶ 64–75).

8          Using the Google search engine, Plaintiffs have not been able to confirm that the addresses

9    listed on Defendants' Amazon.com seller accounts are real and valid.  Dkt. No. 5 at 9–10.  Mighty

10   Dreams attempted to contact support@inteli-topia.com, but received notification that delivery to

11   the email address failed.  *Id.* at 10.  Mighty Dreams does not allege that it attempted to identify or

12   contact Defendants at the email addresses associated with their Amazon.com Selling Accounts, or

13   that it has contacted Amazon or otherwise attempted to locate additional contact information

14   associated with the Selling Accounts.

15         Instead, Plaintiffs identified a United States trademark registration for the brand INTELI-

16   TOPIA.  *Id.* The listed owner for this trademark is Jiang Lei, a Chinese national with a listed

17   address of 4D, Block C, Bldg. 18, Jindi Meilongzhen Garden, Longhua, New Dist., Shenzhen,

18   China 518000, and an email address of jiteteam@outlook.com.  *Id.*  This same individual is

19   associated with numerous other trademarks registered with the United States Patent and Trademark

20   Office, some with different addresses in China listed.  *See id.* at 11–13.

21

22

23

24

Mighty Dreams now requests the Court issue an order allowing it to serve the summons and complaint on Defendants to the jiteteam@outlook.com email address.[1]   Dkt. No. 5 at 16.

## II.   ANALYSIS

The Court has federal question subject matter jurisdiction because Mighty Dreams brings claims under a federal statue, 15 U.S.C. section 1121.   28 U.S.C. § 1331.   The Court has supplemental jurisdiction over Mighty Dreams' claims that arise under Washington state law because they are "so related" to the federal claims that "they form part of the same cause or controversy."   28 U.S.C. § 1367(a).

### A.   Legal Standard

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations. The rule provides that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual."   Fed. R. Civ. P. 4(h)(2).   Rule 4(f) has three subparts, providing three separate means to complete international service; one is not preferred over another.   *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002) ("[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (cleaned up).   Rule 4(f) also does not require attempted service by other methods before court-ordered service under this rule.   *Id.* at 1015–16.

Mighty Dreams seeks to serve Defendants under Rule 4(f)(3) which allows service "by other means not prohibited by international agreement, as the court orders."   Fed. R. Civ. P. 4(f)(3). Courts in the Ninth Circuit require service under Rule 4(f)(3) to meet three requirements: (1) it "must not be prohibited by international agreement"; (2) it "must comport with constitutional

---

[1] At the outset of its motion, Mighty Dreams asks the Court to "grant it leave to serve the summons and complaint through international registered mail to Defendants and through email to the email address identified by Plaintiff as common to both Defendants."   Dkt. No. 5 at 2.   However, the arguments and authority provided throughout the rest of the motion, as well as the "Requested Relief," only ask the Court to order email service to jiteteam@outlook.com. *See id.* at 16.   Accordingly, the Court addresses the propriety of email service only.

notions of due process"; and (3) "the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1015–16.  It is within "the discretion of the district court to balance the limitations of email service against its benefits in any particular case." *Id.* at 1018; *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017).

**B.    Discussion**

While the Court agrees that email service is not prohibited by international agreement, and that the facts of the present case necessitate the court's intervention, the Court is not convinced Mighty Dreams has demonstrated service to the jiteteam@outlook.com email address comports with due process.

To "comport with constitutional notions of due process," service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  Mighty Dreams is correct that email service is appropriate and comports with due process "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120-JLR, 2023 WL 2017002, at *4–5 (W.D. Wash. 2023) (denying motion for alternative service to emails associated with defendants' Amazon Selling Accounts because plaintiffs did not demonstrate those emails were still valid); *see also Padded Spaces, LLC v. Weiss*, No. C21-0751-JLR, 2022 WL 1423701, at *2 (W.D. Wash. May 5, 2022) (granting alternative service by email where the plaintiff's attorney successfully sent a message about the lawsuit and a copy of the complaint to the email address associated with the defendant's Amazon.com Seller Account and storefront).  However, in both *KexleWaterFilters* and *Padded Spaces*, the plaintiffs sought approval for service to email addresses directly associated with Amazon.com Selling Accounts.  In *KexleWaterFilters*, the plaintiff, Amazon.com, sought to utilize

email addresses defendants provided to it when they set up their Selling Accounts. 2023 WL 2017002, at *1–2. In *Padded Spaces*, the court approved service via an email address associated with the Selling Account that Amazon provided to the plaintiffs, and also via the Amazon.com storefront messaging system. 2022 WL 1423701 at *2–3.

Here, Mighty Dreams asks the Court to order service on an email address with a more attenuated connection to Defendants—one associated with a trademark that is similar to a brand name listed in product titles on Defendants' Amazon.com Storefronts, and similar to the text of a customer service email shipped along with Defendants' products. Though Mighty Dreams asserts it has identified "Defendants' trademark registration," it does not explain how it knows the trademark registration belongs to Defendants, aside from the trademark appearing in Defendants' Amazon.com Storefronts and customer support email address. *See* Dkt. No. 5 at 13. And, although Mighty Dreams asserts "Defendants have registered the INTELI-TOPIA trademark with Amazon and have obtained their own branded page" (Dkt. No. 5 at 16), none of the exhibits attached to the motion show that INTELI-TOPIA is a trademark registered with Amazon. Mighty Dreams provides screen shots of Defendants' storefronts that show "intelitopia" is included in the product title on Defendants' Amazon Storefronts. Dkt. No. 5 at 3–4. Mighty Dreams also provides screenshots that appear to be from the Amazon.com website providing general information on the trademark registration process. Dkt. No. 5-8. However, these two exhibits do not, separately or together, show that "INTELI-TOPIA" is enrolled in the Amazon Brand Registry.

Accordingly, on this record, the link between the brand name on the Amazon.com storefronts and the INTELI-TOPIA trademark filings is too attenuated to assure the Court that service to that email address will apprise Defendants of this action. Mighty Dreams does not cite authority that allows the Court to make this leap, and does not provide factual information showing the similarity of names is more than coincidence. Were Mighty Dreams to show the email address

is associated in some way with Defendants' Selling Accounts, or that the email address was at some point provided to Amazon when Defendants set up their Selling Accounts, and that the email address is currently active,[2] then the Court would be more inclined to find service to the address comports with due process.

Because Mighty Dreams does not demonstrate that service to the jiteteam@outlook.com comports with due process, alternative service is not proper at this time. *Rio Props.*, 284 F.3d at 1015–16. If Mighty Dreams is able to address the deficiencies identified in this Order, Mighty Dreams may refile this motion.

### III.   CONCLUSION

For the foregoing reasons, the motion for alternative service is DENIED without prejudice. Dkt. No. 5.

Dated this 16th day of September, 2024.

Kymberly K. Evanson
United States District Judge

---

[2] Mighty Dreams asserts the jiteteam@outlook.com email address is valid and successfully receiving messages because it is "the primary email address associated with seven INTELI-TOPIA trademark registrations filed with the United States Patent and Trademark Office[.]"  Dkt. No. 5 at 15.  Mighty Dreams does not assert that it has sent any test emails to the address, or that the trademark registrations indicate it was active as of a certain recent date.  Should Mighty Dreams re-file this motion, it will need to demonstrate the email address is currently active.  *See KexleWaterFilters*, 2023 WL 2017002, at *4.

ORDER ON MOTION FOR ALTERNATE SERVICE VIA EMAIL - 6