UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGHTY DREAMS LLC, | CASE NO. C24-00793-KKE |
| Plaintiff(s), | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ALTERNATIVE SERVICE |
| v. | |
| SHENZHEN BEIANEN AUTOMOTIVE SUPPLIES CO LTD et al., | |
| Defendant(s). | |

For the second time, Mighty Dreams LLC ("Mighty Dreams") moves for alternative service under Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 11. The Court denied Mighty Dreams' first request for alternative service because Mighty Dreams failed to show that service to the email addresses it identified comports with due process. Dkt. No. 6.

Because Mighty Dreams fails to show that the newly identified email addresses are valid and currently active, the Court denies its second motion without prejudice (Dkt. No. 11).

**I.  BACKGROUND**

The Court provided a detailed, factual overview in its order on Mighty Dreams' first motion for alternative service and those facts will not be repeated here. Dkt. No. 6 at 1–3. In summary, Mighty Dreams brings claims against Defendants for false advertising under the Lanham Act (Dkt. No. 1 ¶¶ 41–50), false advertising under the Washington Consumer Protection Act (*id.* ¶¶ 51–63), and common law unfair competition (*id.* ¶¶ 64–75). Mighty Dreams claims that Defendants

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ALTERNATIVE SERVICE - 1

registered multiple seller accounts on Amazon.com to manipulate sales prices on the online shopping platform, deceive consumers, and coordinate these accounts to "win" the Amazon.com buy box for product listings. *Id.* ¶¶ 3–4.

Mighty Dreams previously filed a motion for alternative service, which the Court denied without prejudice. Dkt. No. 6. The Court explained that Mighty Dreams needed to show that the email addresses it initially identified were associated in some way with Defendants' registered seller accounts or that Defendants provided the email addresses to Amazon.com at some point. *Id.* at 5–6. The Court also required Mighty Dreams to show that the email addresses are still active. *Id.* Mighty Dreams then sought permission to subpoena this information from Amazon.com (Dkt. No. 7), which the Court granted (Dkt. No. 10).

In response to Mighty Dreams' expedited discovery, Amazon.com identified two email addresses associated with the Defendants' seller account: fantastic_09@163.com and 00459_sgister@sina.com. Dkt. No. 11-4. Mighty Dreams asserts that Defendants used these email addresses to correspond with Amazon.com, login to their respective selling accounts, and to receive notifications concerning the revenue they made through Amazon.com. Dkt. No. 11-1 at 4. Mighty Dreams requests leave to serve Defendants through these newly identified email addresses.

However, Mighty Dreams does not indicate whether they tried to contact the Defendants using the email addresses associated with the selling accounts. Mighty Dreams only provides a conclusory statement that the addresses are valid and successfully receiving messages. Dkt. No. 11 at 14. Mighty Dreams also does not represent that the Defendants have notice that this lawsuit is pending. *See generally id.*

## II. ANALYSIS

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides three separate means to complete international service; one is not preferred over another. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (cleaned up). Plaintiffs request to serve Defendants under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Ninth Circuit requires service under Rule 4(f)(3) to meet three thresholds: (1) it "must not be prohibited by international agreement"; (2) it "must comport with constitutional notions of due process"; and (3) "the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1015–16. The district court has "the discretion…to balance the limitations of email service against its benefits in any particular case." *Id.* at 1018; *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017).

Mighty Dreams fails to satisfy the due process requirement for alternative service because it has not sufficiently shown that the newly identified emails (fantastic_09@163.com and 00459_sgister@sina.com) are valid and can receive messages. Generally, the due process requirement for email service is satisfied when the plaintiff verifies the email address and demonstrates its current functionality. *See Amazon.com, Inc. v. Chalova*, No. C23-0747JLR, 2024 WL 458281, at *2 (W.D. Wash. Jan. 9, 2024); *Padded Spaces LLC*, No. C21-0751JLR, 2022 WL 1423701, at *3 (W.D. Wash. May 5, 2022). *C.f. Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023) (denying motion for alternative service because plaintiff did not send test emails or otherwise verify the email addresses);

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ALTERNATIVE SERVICE - 3

*Amazon.com, Inc. v. Tian*, No. C21-00159TL, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where plaintiff did not provide recent communications with defendants).

In this case, Mighty Dreams has not shown that it emailed the summons and complaint to the newly acquired email addresses or attempted to send test messages. It is also unclear, based on the redacted discovery production from Amazon.com that Mighty Dreams provided, whether Amazon.com recently corresponded with Defendants using these addresses. Dkt. No. 11-4 at 2. In sum, without some indicia that these email addresses are functional—beyond Mighty Dreams' assertions that they are—the Court cannot find that alternative service comports with due process.

### III. CONCLUSION

Accordingly, the Court DENIES without prejudice Mighty Dreams' second motion for alternative service.

Dated this 4th day of December, 2024.

Kymberly K. Evanson
United States District Judge