UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGHTY DREAMS LLC, | CASE NO. C24-00793-KKE |
| Plaintiff(s), | ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR ALTERNATIVE SERVICE |
| v. | |
| SHENZHEN BEIANEN AUTOMOTIVE SUPPLIES CO LTD et al., | |
| Defendant(s). | |

Mighty Dreams LLC ("Mighty Dreams") filed its third motion for alternative service under Federal Rules of Civil Procedure 4(f)(3). Dkt. No. 13. The Court denied Mighty Dreams' first and second requests for alternative service because Mighty Dreams failed to show that service to the identified email addresses comports with due process. Dkt. Nos. 6, 12. In particular, Mighty Dreams failed to show that the newly identified email addresses for Defendants are valid and currently active. Dkt. No. 12.

In response to the Court's direction, Mighty Dreams sent tracked emails to the identified email addresses for Defendants and received confirmation that the email addresses can receive messages. As such, the Court grants Mighty Dreams' third motion for alternative service (Dkt. No. 13).

ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR ALTERNATIVE SERVICE - 1

## I.  BACKGROUND

The Court incorporates by reference the factual background provided in its previous orders on Mighty Dreams' first two motions for alternative service. Dkt. No. 6 at 1–3, Dkt. No. 12 at 1–2. Mighty Dreams sues Defendants for false advertising under the Lanham Act (Dkt. No. 1 ¶¶ 41–50), false advertising under the Washington Consumer Protection Act (*id.* ¶¶ 51–63), and common law unfair competition (*id.* ¶¶ 64–75). Mighty Dreams alleges that Defendants registered multiple seller accounts on Amazon.com to manipulate sales prices on the online shopping platform, deceive consumers, and coordinate these accounts to "win" the Amazon.com buy box for product listings. *Id.* ¶¶ 3–4.

The Court denied Mighty Dreams' first two motions for alternative service without prejudice. Dkt. Nos. 6, 12. Mighty Dreams had identified two email addresses associated with the Defendants' seller account: fantastic_09@163.com and 00459_sgister@sina.com. Dkt. No. 11-4. However, Mighty Dreams did not demonstrate that these email addresses were active and valid by sending test messages. Dkt. No. 11 at 14. As a result, the Court denied Mighty Dreams' request, finding that without confirmation that the email addresses can receive messages, Mighty Dreams cannot satisfy the due process requirement for alternative service. Dkt. No. 12 at 3–4.

For the third time, Mighty Dreams moves for alternative service. Dkt. No. 13. To support its motion, Mighty Dreams sent tracked emails via the Yesware.com email tracking service to the fantastic_09@163.com and 00459_sgister@sina.com email addresses. Dkt. No. 13-5 at 3, Dkt. No. 13-7 at 2, Dkt. No. 13-1 at 3, Dkt. No. 13-10. Mighty Dreams did not receive a bounce back or failure notification from either email. Dkt. Nos. 13-7, 13-10.

## II.  ANALYSIS

The Court has federal question subject matter jurisdiction because Mighty Dreams brings claims under a federal statute, 15 U.S.C. § 1121. 28 U.S.C. § 1331. The Court has supplemental

jurisdiction over Mighty Dreams' claims that arise under Washington state law because they are "so related" to the federal claims that "they form part of the same cause or controversy." 28 U.S.C. § 1367(a).

A.  **Legal Standard**

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides three separate means to complete international service; one is not preferred over another. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (cleaned up). Plaintiffs request to serve Defendants under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Ninth Circuit requires service under Rule 4(f)(3) to meet three thresholds: (1) it "must not be prohibited by international agreement"; (2) it "must comport with constitutional notions of due process"; and (3) "the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1015–16. The district court has "the discretion…to balance the limitations of email service against its benefits in any particular case." *Id.* at 1018; *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017).

B.  **International Agreements Do Not Expressly Prohibit Email Service to Defendants.**

First, the Court finds that email service to Defendants is not prohibited by international agreements. As an initial matter, the Hague Convention does not apply where the foreign defendant's address is unknown. *See* Hague Convention, art. 1 ("This Convention shall not apply where the address of the person to be served with the document is not known."). Therefore, because Mighty Dreams cannot identify valid physical addresses for Defendants, the Hague

Convention arguably does not apply nor prohibits process service by email.  *See* Dkt. No. 13 at 12, Dkt. No. 13-1 at 3.

Even if the Defendants reside in China, email service is still permitted under international agreements.  China is a signatory to the Hague Convention.[1]  The Hague Convention provides that service via a country's Central Authority is the principal means of service.  *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, No. 2:18-cv-01530-RAJ, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019).  However, Article 10 of the Hague Convention also "preserves the ability of parties to effect service through means other than a recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used."  *Id.*  China expressly rejected service through means enumerated in Article 10, which includes service through postal channels and via judicial officers.[2]

Despite China's objection, courts have held that Article 10 does not preclude service by electronic communication.  *Rubie's Costume Co.*, 2019 WL 6310564, at *2.  Courts distinguish email service from postal mail, and thus, email service to parties located in countries that have objected to Article 10 is permissible.  *Id.* at *3.  Moreover, various courts in the Ninth Circuit have allowed alternative service by email to defendants located in China.  *Id.*

Thus, email service to Defendants is not prohibited by international agreements.

C.   **Email Service Comports with Due Process.**

Second, service via email addresses linked to Defendants' selling accounts comports with constitutional due process.  Such service satisfies due process when this avenue is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action

---

[1] *See Contracting Parties*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 22, 2024).

[2] *Id.*

ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR ALTERNATIVE SERVICE - 4

and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Mighty Dreams argues that the production provided through expedited discovery to Amazon.com and test messages sent to the identified addresses show that the fantastic_09@163.com and 00459_sgister@sina.com email addresses associated with the selling accounts are valid and successfully receiving messages. Dkt. No. 13 at 14–15. According to Mighty Dreams, Defendants use these two email addresses to correspond with Amazon.com, login to their respective selling accounts, respond to customer service requests through the Amazon.com platform, and receive notifications about revenue made through Amazon.com. *Id.* at 14. Additionally, Mighty Dreams sent tracked, test messages to both email addresses, and did not receive error or bounce-back messages. *Id.* at 14–16. Thus, Mighty Dreams argues that email service is reasonably calculated to apprise Defendants of this action.

The Court agrees. Mighty Dreams sufficiently demonstrated that the email addresses associated with the selling accounts remain active and are still used to conduct the alleged scheme. *See Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766RSM, 2021 WL 4307067, at *1 (W.D. Wash. Sept. 22, 2021) (concluding that service by email would provide sufficient notice where plaintiffs showed that defendants conducted business through the Internet); *Padded Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 WL 1423701, at *3 (W.D. Wash. May 5, 2022) (approving service to defendant in China by email and via the Amazon.com storefront messaging system in part because defendant conducted a majority of business online); *Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120JLR, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (finding that email service comports with due process requirements where plaintiffs sent test emails and received no error messages or bounce-back messages).

**D.     The Present Facts Necessitate the Court's Intervention.**

Lastly, the Court finds that the present facts necessitate its intervention. To decide whether court intervention is required, the Court weighs several factors including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether plaintiff had previously been in contact with the defendant. *Rubie's Costume Co., Inc.*, 2019 WL 6310564, at *2 (citing *Rio Props., Inc.*, 284 F.3d 1007). Here, the balance of these factors weighs in favor of allowing email service. Mighty Dreams cannot identify a physical address for Defendants. Dkt. No. 13 at 12; *see Keck v. Alibaba.com, Inc.*, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) (physical addresses of defendants could not be located); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. 2017) ("Defendants structured their counterfeit business such that they could only be contacted by email." (emphasis added)), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. 2018); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (foreign defendants' addresses are unknown); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *6 n.2 (N.D. Cal. Mar. 27, 2012) (same). And as Mighty Dreams fairly notes, the lack of authentic, identifiable physical addresses, phone numbers, or self-identified customer support email address suggests that Defendants are deliberately hiding their locations. Dkt. No. 13 at 13. Moreover, when Mighty Dreams sent test messages to the identified email addresses, it also confirmed that neither message was opened even though the addresses remained functioning, suggesting that Defendants are purposefully avoiding communication with Mighty Dreams. *Id.* at 15–16. Given these facts, the Court finds that "particularities and necessities of [this] case require alternate service of process under Rule 4(f)(3)." *Rio Properties, Inc.*, 284 F.3d at 1016.

## III.  CONCLUSION

Accordingly, the Court GRANTS Mighty Dreams' third motion for alternative service.

Dated this 7th day of February, 2025.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge